*767 CLARK, J.,
dissenting.
hi respectfully dissent from the majority’s holding that suspends respondent from the practice of law for a period of three years. Believing this sanction to be too lenient, I find disbarment to be appropriate. First, I find significance in respondent’s extensive history of disciplinary conduct. He received a public reprimand in 1995 and engaged in misconduct that led to his transfer to disability inactive status in 1999, which was deferred for a two-year supervisory probation period with the LAP program. Respondent then experienced several relapses after maintaining sobriety for ten years, resulting in another LAP contract. Thereafter, in 2008, he was suspended from the practice of law again and placed on probation for neglecting a legal matter, altering a public record, and making a false statement to the Office of Disciplinary Counsel. Once more, he was placed on interim suspension in 2009. These numerous brushes with our disciplinary system provide ample evidence of a pattern of misconduct that is likely to be unchanged by rehabilitation efforts or time.
Presently, respondent is before this court due to allegations relative to the mismanagement of client funds, neglect of a client matter, and the commission of a criminal act. The hearing committee found respondent’s testimony not to be credible regarding his alleged “inadequate knowledge” of the handling of trust accounts. The hearing committee discredited this assertion of ignorance due to his 1995 reprimand concerning the same issue, as well as his familiarity with this violation in 1999. The hearing committee stated respondent “has an historic inability to resist the temptation to convert client funds.” It also found “[rjespondent’s chance of relapse at this stage [ gis fairly high and does not justify any further risk to the public.” Moreover, the hearing committee found respondent acted intentionally with regard to his criminal conduct, which constituted a violation of Rule 8.4(b). I agree with the determinations made by the hearing committee. Lastly, I believe actual harm was caused to Ms. Woods and the legal system insofar as two and one-half years passed before responded paid Ms. Woods the court-ordered restitution.
Due to respondent’s lengthy history of misconduct and his apparent inability to alter his misconduct, I adopt the recommendations of the hearing committee and the disciplinary board that a harsher sanction is warranted. Accordingly, I would disbar respondent.